UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:11-CV-14-KKC

GERALDINE REYES, PLAINTIFF

v. **MEMORANDUM OPINION AND ORDER**

SOCIAL SECURITY ADMINISTRATION, DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, the Court will deny the plaintiff's motion [DE 10} and grant the defendant's motion [DE 11].

I. **Introduction**

The Plaintiff is a fifty-three year old female with a high school equivalency degree. AR 16, 118. She has past relevant work experience as a fast food worker, cashier, pizza maker, bakery worker, assembler, laundry worker, plastic molder, salesclerk, cashier, waitress, hand trimmer, and clothes sorter. AR 58–59, 201. She alleges disability beginning on October 10, 2006 due to emphysema, osteoarthritis and depression. AR 13, 122.

On October 30, 2008, the Plaintiff filed an application for a period of disability and Disability Insurance Benefits. AR 11. The Plaintiff also filed an application for Supplemental Security Income on October 30, 2008. These claims were denied initially on February 20, 2009, and upon reconsideration on April 2, 2009. AR 12, 118–25. The Plaintiff then filed a request on April 2, 2009 for a hearing before an Administrative Law

Judge. AR 11. The request was granted and a hearing was held on December 11, 2009. AR 11, 21–67.

On January 20, 2010, ALJ Barbara Dunn determined that the Plaintiff was not disabled as defined by the Social Security Act. AR 11–20. The Plaintiff filed a request for review by the Social Security Administration's Appeals Council, but the request was denied. AR 1–5. Consequently, the ALJ's decision became the final decision of the Commissioner. AR 1. Since the Plaintiff has exhausted all of her administrative remedies, her claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**II.     Discussion**

**A.     Standard of Review**

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 285–86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc.*

2

*Sec.,* 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo,* resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.,* 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart,* 152 F. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that she is not currently engaging in substantial gainful activity. *See* "20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

3

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since October 10, 2006, the alleged onset date. AR 13. At step two, the ALJ found that the Plaintiff had the following severe impairments: cervical derangement, lumbar derangement, emphysema, and depression. *Id.* However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16.

Prior to step four, the ALJ determined that the Plaintiff had the RFC:

to lift 20 pounds occasionally and 10 pounds frequently. The claimant is able to sit, stand, walk, push/pull up to 6 hours each during an 8 hour workday. The claimant is precluded from work requiring any climbing of ropes, ladders or scaffolds, is limited to occasional climbing of ramps or stairs and should avoid hazardous machinery. The claimant is able to frequently balance, bend, stoop, crouch, reach, crawl, handle, finger and feel. The claimant is limited to simple 1–2 step instructions.

AR 17–18. The ALJ determined at step four that the Plaintiff was capable of performing past relevant work as a bakery worker because the work did not require the performance of work-related activities precluded by the Plaintiff's RFC. AR 19. Accordingly, the ALJ ended the analysis and found that the Plaintiff was not under a disability as defined in the Social Security Act from October 10, 2006 through the date of the decision. *Id.*

### D. Analysis

The Plaintiff contends that the ALJ erred by (1) failing to properly consider the severity of the Plaintiff's impairments in combination, (2) failing to properly consider the Plaintiff's testimony regarding the effects of her medical impairments, (3) failing to give proper weight to the opinions of treating sources and improperly relying on opinions of non-examining physicians, (4) relying on the vocational expert's answers to inaccurate hypothetical questions relating to the Plaintiff's RFC, and (5) finding that the Plaintiff was not disabled, claiming that such finding that was unsupported by substantial evidence. The Court will consider each of these arguments in turn.

#### 1. Severity of Plaintiff's Impairments in Combination

The Plaintiff claims that the ALJ erroneously failed to consider the Plaintiff's impairments in combination and that it was insufficient for him to merely state that the

5

combined effects were considered. *See Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989).

The Court recognizes that it is necessary to assess the severity of the Plaintiff's impairments in combination in the third step of the ALJ's sequential analysis. *See* 20 C.F.R. §§ 404.1523, 416.923 ("we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). However, in this case the ALJ properly considered the combined effect of her impairments. The fact that an ALJ discusses each of a claimant's impairments individually "hardly suggests that the totality of the record was not considered," *Gooch v. Sec'y of HHS*, 833 F.2d 589, 592 (6th Cir. 1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1050, 98 L.Ed.2d 1012 (1988), especially where an ALJ "specifically refers to a 'combination of impairments'" in deciding that a claimant's impairments are not equal to a listed disorder. *Id.* at 492.

At the second step of her analysis, the ALJ noted that the Plaintiff's impairments (plural) were severe. Her opinion discussed both the Plaintiff's physical and mental ailments in great detail, and the fact that she discussed them individually does not imply that she did not give adequate consideration to their effect in combination. Further, in the third step of her analysis, the ALJ specifically noted that the Plaintiff does not have a *combination of impairments* which meets or equals a listed impairment. Accordingly, this court finds that the ALJ properly considered the Plaintiff's impairments in combination in determining that her impairments did not meet or medically equal a listed impairment. *See Loy v. Sec'y of HHS.*, 901 F.2d 1306, 1310 (6th Cir. 1990).

### 2. Consideration of Plaintiff's Testimony

Next, Plaintiff argues that the ALJ did not properly consider the Plaintiff's testimony regarding the effects of her medical impairments. The ALJ determined that the effects alleged by the Plaintiff were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 18.

Since the ALJ has the opportunity to observe the claimant in person, a court reviewing the ALJ's conclusion about the claimant's credibility should accord great deference to that determination. *See Casey v. Sec'y of HHS*, 987 F.2d 1230, 1234 (6th Cir. 1993). Still, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The Sixth Circuit, interpreting the Social Security regulations, has established a two-prong test for assessing a claimant's complaints of pain or other symptoms:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994) (quoting *Duncan v. Sec'y of HHS*, 801 F.2d 847, 853 (6th Cir. 1986)); *see also* 20 C.F.R. § 404.1529; Soc. Sec. Rul. (SSR) 96-7p, 1996 WL 374186, at *2–3 (July 2, 1996) (Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements).

Once an ALJ determines that a medical condition could reasonably be expected to cause the alleged symptoms, he must evaluate the intensity, persistence, and functionally
7

limiting effects of the symptoms. Relevant factors for this evaluation include the objective medical evidence in the record; the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of the claimant's medications taken to alleviate the symptoms; other treatment undertaken to alleviate symptoms; other measures taken to relieve symptoms; and any other factors bearing on the limitations of the claimant in performing basic functions. 20 C.F.R. § 404.1529(c).

In the instant case, while the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, she also held that the Plaintiff's statements about the intensity, persistence and limiting effects of those symptoms were not entirely credible. AR 18. In the course of this assessment, the ALJ considered a number of factors, including the objective medical evidence, the nature of the Plaintiff's treatments and medications, and the Plaintiff's daily activities.

In assessing the Plaintiff's alleged musculoskeletal impairments (lumbar derangement), the ALJ found that the objective medical evidence showed no musculoskeletal abnormality which could reasonably be expected to produce the pain of which the Plaintiff complained. *Id.* X-rays show only mild degenerative changes to the spine, with the curvature of the spine intact and well-maintained disc heights. AR 243, 260. Further, an examining physician, Dr. Chavez, noted that the Plaintiff had normal muscle strength and only a very mild limitation of motion in the spine with no deformities or tenderness. AR 263. Further, the ALJ found that the medical record conflicted with the testimony of the Plaintiff as to the degree of pain and functional

8

limitations. AR 18; *see* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (providing that an ALJ can consider conflicts between a claimant's statements and the objective medical evidence). The ALJ found that the claimant's treatments had been "conservative in nature," and that the Plaintiff required no ambulatory aid or back brace. AR 18. The ALJ also found that the Plaintiff's pain was treated only with oral and topical analgesics, and that the Plaintiff was never referred for pain management. *Id.* The ALJ further noted that the Plaintiff had never required more serious injection-type or intravenous medications to manage her pain. AR 18–19.

In assessing the Plaintiff's emphysema, the ALJ found that the claimant treated the condition with inhalant medications, that the treatment was effective, and that the Plaintiff has required no special treatment or medication regimen otherwise. AR 19.

In assessing the Plaintiff's depressive symptoms, the ALJ examined the medical record and found that the Plaintiff had been seen at Comp Care in the past and had shown good response to treatment. *Id.* Further, the ALJ found that the Plaintiff had ceased treatment and medication. *Id.* The ALJ weighed the medical evidence and concluded that the depressive symptoms were situational in nature and mild. *Id.*

Finally, the ALJ found that the assessment of Dr. Betsy Reynolds, the Plaintiff's treating physician, that the Plaintiff could perform less than a full range of sedentary work was inconsistent with the Plaintiff's daily activities. *Id.* The ALJ noted a discrepancy between the findings of Dr. Reynolds and the findings of state agency experts regarding the Plaintiff's level of residual functional capacity. *See* 20 C.F.R. § 404.1527(d) (an ALJ can weigh the evidentiary value of medical opinions from different sources against each

other).

In summation, the ALJ considered several factors in concluding that the Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely credible. This finding was supported by substantial evidence in the record. Accordingly, the Court finds that the ALJ properly evaluated the Plaintiff's credibility.

### 3. Opinions of Treating Sources

Plaintiff further argues that the ALJ erred in rejecting the opinions of Dr. Betsy Reynolds, her treating physician, and Martha Purcell, a treating mental health therapist.

In finding that the Plaintiff has an RFC allowing her to return to her past work as a baker, the ALJ dismissed the opinions of Dr. Reynolds, who attributed to the Plaintiff the ability to "perform less than a full range of sedentary work," AR 19, and Ms. Purcell, who assessed Plaintiff with a GAF (Global Assessment of Functioning score) of 50, and observed that she would have difficulty working. AR 371–72. Instead, the ALJ relied on the opinions of state agency physicians. AR 19.

The Social Security regulations normally require an ALJ to give greater deference to a treating physician's opinion than to a non-treating physician's opinion. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406–07 (6th Cir. 2009); 20 C.F.R. § 404.1527(d)(2) ("these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence"). However, the Commissioner is not bound by the opinion of a treating physician, and may accord little weight to a treating physician's opinion if it runs counter to substantial evidence. *Bogle v. Sullivan*, 998 F.2d

342, 347–48 (6th Cir. 1993) (citation omitted); *see* 20 C.F.R. §§ 404.1527(d), 416.927(d). In this case, the ALJ's assessment of Dr. Reynolds' and Ms. Purcell's opinions was supported by substantial evidence.

The ALJ found that Dr. Reynolds' assessment of the Plaintiff's physical RFC was inconsistent with the Plaintiff's own claims of her daily activities. AR 19. Moreover, Dr. Reynolds' assessment was inconsistent with her own treatment of the Plaintiff and with the other medical evidence in the record. An opinion is accorded more weight where supported by relevant medical evidence. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). Dr. Reynolds treated the Plaintiff for respiratory ailments, a urinary tract infection, and neck and back pain, but has made no documented examination of the Plaintiff's musculoskeletal system. AR 253, 333–37. Her assessment of physical limitations on the Plaintiff's RFC, AR 332, is inconsistent with her actual medical findings.

As well, an opinion is accorded more weight when consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). Dr. Reynolds is apparently the only physician who attributed such extreme functional limitations to the Plaintiff. Dr. David Reilly noted that an x-ray of the Plaintiff's spine taken after a car accident showed only mild degenerative changes. AR 243. Dr. Omar Chavez conducted an examination of the Plaintiff in December 2008 which assessed her with "very mild limitations on . . . range of motion," noted that her condition was normal and that she had no deformities or tenderness. AR 263. After a fall at her home on May 21, 2009, Plaintiff visited the emergency room at Lake Cumberland Regional Hospital, where she was assessed with chest tenderness, but no neck or back tenderness, a normal gait and station, and normal

range of motion. AR 343. A chest x-ray from the same visit showed "some" emphysema. AR 349.

The ALJ also deferred to the opinions of state agency physicians Drs. Lina Caldwell and Carlos Hernandez in assessing physical limitations on the Plaintiff's RFC. State agency consultants are considered experts in Social Security disability programs and their opinions may be entitled to great weight if supported by the evidence. *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 96-6p.

Dr. Caldwell's examination record notes that the Plaintiff suffers only a mild limitation on spinal range of motion, and that her claims of osteoporosis are not supported by the record. AR 294. Dr. Hernandez afforded partial credibility to the Plaintiff's claims of difficulty due to pain but noted no objective medical evidence of musculoskeletal impairments. AR 324–331. Both state agency experts assessed the Plaintiff with much higher functional capacity than did Dr. Reynolds. AR 294–96, 325–27. These various and independent medical examinations tend to show that Dr. Reynolds' assessment of May 4, 2009 was an outlier, and therefore should be accorded less weight per 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4).

The ALJ also rejected Ms. Purcell's opinion of the Plaintiff's psychological condition with good reason. Ms. Purcell assessed the Plaintiff with a GAF of 50 and a score of "poor" in several categories related to making adjustments in performance, occupation, and the personal-social arena. AR 370–371. The ALJ noted that Ms. Purcell's opinion "appeared excessive" and ran counter to the weight of substantial evidence. AR 19, *see* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4).

The Plaintiff had her initial visit for treatment with Ms. Purcell on September 24, 2008, who observed that the Plaintiff had an "anxious and depressed" affect but "fair judgment and insight." AR 257. The Plaintiff proceeded to see Ms. Purcell again three times from October to November 2008. She was prescribed Celexa and Trazadone, and her progress was noted to be minimal. AR 257–58. By March 2009, however, Ms. Purcell observed that the Plaintiff had a brighter affect and had shown improvement. AR 301–02. This suggests a good response to her medication.

Dr. Gary Maryman performed a consultative evaluation of the Plaintiff on January 9, 2009. At this evaluation, Dr. Maryman noted that the Plaintiff showed no signs of emotional distress at all. AR 269. Further, he assessed her with a GAF of 62 and a "fair to good" prognosis, noted that the Plaintiff "should be able to carry out a work assignment reasonably well over a routine work schedule," and noted that she was not precluded from interacting with the general public, with fellow workers or supervisors, and should be able to perform well in a "medium-to-lower stress work environment." AR 271.

Moreover, two state agency experts, Drs. Sillers and Stodola, performed evaluations of the mental limitations on the Plaintiff's RFC. AR 275–92, 305–23. Dr. Sillers' assessment of March 31, 2009 affirms Dr. Stodola's of January 29, 2009, both noting that the Plaintiff has only mild limitations in daily function and social activities; moderate limitations in concentration, persistence and pace; and no episodes of decompensation. AR 285, 289–91, 307, 319.

The evaluations of Drs. Maryman, Sillers and Stodola are supported by medical

13

evidence and therefore should be accorded great weight. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Those of Drs. Sillers and Stodola are accorded great weight by virtue of their role as state agency experts. *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 96-6p. As Ms. Purcell's harsh assessment of the Plaintiff's mental RFC runs counter to the substantial assessments of other consultative psychological experts, her opinion should be accorded less weight. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4).

In light of the foregoing evidence, the Court finds that the ALJ's decision to reject the opinions of Dr. Reynolds and Ms. Purcell was appropriate and supported by substantial evidence in the record.

**4. Reliance on Vocational Expert's Testimony**

Finally, Plaintiff contends that the ALJ erred in relying on the Vocational Expert's (VE's) answers to hypothetical questions which limited the Plaintiff to light-to-medium work (equivalent to the ALJ's foregoing assessment of the Plaintiff's RFC.) AR 19, 59–62.

The ALJ relied on the opinion testimony given by VE William Ellis in response to hypothetical questions asked by the ALJ. A VE's testimony in response to a hypothetical question serves as substantial evidence in support of a determination that a claimant is capable of performing other work if the question accurately portrays the claimant's physical and mental impairments. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239, 241 (6th Cir. 2002); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (although an ALJ need not list a claimant's medical conditions, the hypothetical should provide the Vocational Expert with the ALJ's assessment of what the

claimant "can and cannot do").

In conducting the fourth step of her sequential analysis, the ALJ relied on the VE's testimony in response to a hypothetical question which assumed impairments consistent with the ALJ's finding as to Plaintiff's RFC. AR 17–19, 59–62. The Plaintiff argues that the ALJ should have instead relied on the VE's testimony based on a level of impairment consistent with the findings of Dr. Reynolds and Ms. Purcell, a more restrictive condition under which, the VE responded, the Plaintiff would not be able to work. AR 63, 66.

However, the Court has already found that the ALJ's decision to give little weight to the opinions of Dr. Reynolds and Purcell was proper. Further, the Court has found that the ALJ's assessment of the Plaintiff's true RFC was supported by substantial evidence. Thus, the hypothetical on which the ALJ relied was proper. *Infantado v. Astrue*, 263 Fed. Appx. 469, 476–77 (6th Cir. 2008).

### 5. Support of Substantial Evidence

Plaintiff also brings a general objection that the ALJ's decision is not supported by substantial evidence. This court has already found that the ALJ's consideration of the Plaintiff's impairments, comparative weighing of testimony, and findings as to the true extent of the Plaintiff's RFC were all supported by substantial evidence. As noted above, the Court will overrule the decision of the Commissioner only where such decision is *not* supported by substantial evidence. *Warner,* 375 F.3d at 390; *Jones,* 336 F.3d at 475. Because the Plaintiff fails to articulate any further grounds on which the ALJ's decision might not have been supported by substantial evidence, the Court finds no error.

E.  Conclusion

For all these reasons, the Commissioner's decision denying the Plaintiff's claim for benefits is supported by substantial evidence in the record. Accordingly, it is **HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [DE 11] is **GRANTED**; and

3. A judgment shall be entered concurrently with this Opinion and Order.

Dated this 21st day of June, 2011.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**